JOSEPH M. AND DEBRA ROE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roe v. Commissioner
Docket No. 18155-93
United States Tax Court
T.C. Memo 1993-633; 1993 Tax Ct. Memo LEXIS 643; 66 T.C.M. (CCH) 1821; December 28, 1993, Filed *643 Pro se: Joseph M. and Debra Roe. For respondent: Susan Mathew BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] It is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Respondent mailed separate notices of deficiency as follows: Joseph M. Roe
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1991
$ 1,669
$ 394
$ 87
Debra Roe
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1991
$ 1,669
$ 394
$ 87
Each determination consisted of one-half of unreported community income wages. Petitioners resided at Mesa, Arizona, when they timely filed the petition herein. The petition and amended petition in this case *644 do not meet the requirements of our Rule 34(b)(4) that a petition shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency. Further, it does not contain clear and concise lettered statements of the facts on which petitioner bases his assignments of error, as required by our Rule 34(b)(5). Rule 34(b)(4) also provides that "Any issue not raised in the assignment of errors shall be deemed to be conceded." Petitioners do not contend that they did not receive wage income during 1991, they do not contend an error in the amount of wage income, nor do they contend they filed returns in a timely manner, reported such wage income thereon or paid sufficient estimated or withholding tax to relieve them of liability under section 6654. The petition and petitioners' objections to respondent's motion to dismiss are filled with tax-protestor material long rejected by this and other courts. While much of these filings is no more than gibberish, what we can interpret is that petitioners complain the Commissioner did not state what "kind of tax" was being asserted, and they therefore were *645 without lawful notice; [2] that petitioners are residents of Mesa but not of the United States; that petitioners were not persons liable to pay income tax, and that the Internal Revenue Service failed to comply with some provisions of the Administrative Procedure Act. We have considered many arguments of similar ilk, the latest in . In that case we quoted an opinion of the Fifth Circuit Court of Appeals regarding another tax protestor: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." . Suffice it to say, petitioners, who reside in the State of Arizona, are subject to the income tax imposed by section 1 on the income of every individual who is a citizen or resident of the United States and subject to tax under section 1. *646 Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. In the case at bar petitioners presented no facts or law in support of their claim that would entitle them to relief. Accordingly, respondent's motion to dismiss will be granted. At the calendar call, and prior to the hearing on respondent's motion, the Court advised petitioners that their petition and amended petition failed to state a claim upon which relief could be afforded and noted that it contained tax-protestor arguments which had been repeatedly rejected by this Court and every other court which has faced these issues. Petitioners were also warned that if petitioners continued to make such arguments the Court was inclined to award a penalty to the United States. Petitioners were given the opinion of this Court in to read prior to the hearing. Rowlee, inter alia, makes clear that persons such as petitioners have an obligation to file returns and report income. At the hearing, petitioners stated they had read "Rowlee", but went on to state that it did not change their *647 opinion of the law. They also advised the Court that they had "opted-out" of the social security system, and that they were not liable for Federal income taxes. This Court took several steps to save petitioners from the folly of their own making but they chose not to be saved. Respondent, as a part of her motion to dismiss, did not request an award of a penalty under section 6673. That section provides that this Court may award a penalty not in excess of $ 25,000 to the United States where the proceedings have been instituted or maintained primarily for delay or where the taxpayer's position is frivolous. We have decided to make such an award sua sponte, and we award a penalty to the United States in the amount of $ 900. Petitioners have wasted not only judicial time but also time of the respondent in making these frivolous and groundless allegations. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The deficiency notice clearly indicates income tax is being determined.↩